In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00127-CV


______________________________







IN THE MATTER OF THE MARRIAGE


OF KAY E. BAKER AND STEVE BAKER








 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 69701




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 This Court has been notified that a party in an appeal pending before this Court, Steve Baker, 
has filed a petition in bankruptcy. Baker filed a bankruptcy petition on July 12, 2002, in the  United
 States  Bankruptcy  Court  for  the  Eastern  District  of  Texas. Pursuant  to  11 U.S.C.A. § 362
(West 1993 & Supp. 2002), further action in this cause is automatically stayed and the appeal is
suspended. Tex. R. App. P. 8.2. 

 Accordingly, for administrative purposes, this case is abated and will be treated as closed. 
Any party may reinstate by promptly filing a motion with an attached certified copy of the order
showing that the automatic bankruptcy stay has been lifted or terminated and specifying what further
action, if any, is required from this Court. In the event of reinstatement, any period that began to run
and had not expired at the time of suspension will begin anew when the proceeding is reinstated. 
Any document filed while the proceeding is suspended will be deemed filed on the same day, but
after, the court reinstates the appeal. Tex. R. App. P. 8.2, 8.3.

 

 Josh R. Morriss, III

 Chief Justice


Date Submitted: October 9, 2002

Date Decided: October 10, 2002


Do Not Publish 



DUM OPINION

          Aaron Ray Higginbotham appeals from his conviction by a jury—and mandatory life 
sentence—for capital murder. He contends the trial court erred in admitting testimony of
his oral statements to the police while he was under arrest. Because Higginbotham failed
to preserve this issue for our review, there is no error, and we affirm the judgment.
          The evidence, including Higginbotham's own testimony, established that he and
Michael Kay caught a ride with Michael Hendrix, in Hendrix's pickup truck, from a strip club
in Kilgore; that they went to a secluded location near the Sabine River; that Higginbotham
and Kay beat Hendrix unconscious and threw him in the river; and that they then left, taking
Hendrix's truck. 
          Higginbotham gave four written statements to police in which he admitted his
complicity in the crime. Those statements were admitted into evidence. Higginbotham
also took the police to the location where he and Kay had assaulted Hendrix and where
they threw him in the river. Higginbotham made a number of oral statements to the police
during this trip. The police recovered blood from the scene of the assault, and they
recovered Hendrix's body in the river near where Higginbotham told them he and Kay had
thrown it.
          Higginbotham contends only that the admission of testimony about his oral
statements was error. He did not object at trial to the admission of this testimony. His
pretrial motion to suppress did, however, ask that both written and oral statements be
suppressed. When a pretrial motion to suppress evidence is overruled, a defendant need
not subsequently object at trial to the same evidence in order to preserve error on appeal. 
Wyle v. State, 777 S.W.2d 709, 715 n.5 (Tex. Crim. App. 1989); Mayfield v. State, 152
S.W.3d 829, 831 (Tex. App.—Texarkana 2005, pet. ref'd); see Tex. R. Evid. 103(a)(1).
          At the hearing on Higginbotham's motion to suppress, some of the officers testified
concerning Higginbotham leading them to where Hendrix's body was found, but no
questions were asked concerning the specific content of the officers' conversations with
Higginbotham on that occasion; neither was there any attempt made to raise any issues
about the admissibility of testimony concerning those conversations. The entirety of the
focus of the hearing was on the four written statements. When the trial court ruled on the
admissibility of the statements, it did so after hearing the testimony concerning the
circumstances surrounding the taking of the written statements and after hearing argument
by both defense and prosecution explaining their reasons as to why the documents were
or were not admissible. The court ruled the statements admissible. Higginbotham now
contends the testimony of Detective Tom Watson concerning the oral, in custodial,
statements Higginbotham made while leading the officers to where he and Kay had
disposed of Hendrix's body, was improperly admitted. 
          We note that Higginbotham has argued in his appellate brief that the oral statements
were inadmissible because the context of those statements was coercive, i.e., he was in
a police car, surrounded by police officers, in the river bottoms at night, looking for a body. 
However, as noted above, Higginbotham did not argue these matters at the suppression
hearing or at the time this testimony was offered at trial. He cannot now raise those
arguments for the first time on appeal. See Hargrove v. State, 162 S.W.3d 313, 324 (Tex.
App.—Fort Worth 2005, pet. filed) (holding that failure to raise issues clearly at
suppression hearing preserves nothing for appellate review); Judd v. State, 923 S.W.2d
135, 138 (Tex. App.—Fort Worth 1996, pet. ref'd) (emphasizing that any objection at trial
that differs from complaint on appeal preserves nothing for review); McNairy v. State, 777
S.W.2d 570, 573 (Tex. App.—Austin 1989), aff'd on other grounds, 835 S.W.2d 101 (Tex.
Crim. App. 1991) (acknowledging that contention presented on appeal must be same as
that presented to trial court at pretrial hearing on motion to suppress evidence). 
          Because of the absence at the suppression hearing of any argument concerning
these oral statements, and because these statements were admitted at trial without
objection, we conclude that the issue now raised for the first time on appeal has not been
preserved for our review.
          Even if the alleged error had been preserved, the issue in determining whether
evidence should be suppressed is a constitutional one. Thus, we would be required to
reverse unless we determine beyond a reasonable doubt the error did not contribute to the
appellant's conviction or punishment. Tex. R. App. P. 44.2(a). In assessing the likelihood
that the jury's decision was adversely affected by the error, we are to consider everything
in the record, including any testimony or physical evidence admitted for the jury's
consideration, the nature of the evidence supporting the verdict, the character of the
alleged error and its connection with other evidence, and whether the state emphasized
the error. See Motilla v. State, 78 S.W.3d 352, 357–58 (Tex. Crim. App. 2002); Malone
v. State, 163 S.W.3d 785, 800 (Tex. App.—Texarkana 2005, pet. filed). We would,
therefore, assess the probable weight a juror would place on the improperly admitted
statements. To do this in the instant case, we must assess the independent proof of
Higginbotham's participation in the alleged offense. See Jones v. State, 119 S.W.3d 766,
778 (Tex. Crim. App. 2003). 
          In making that assessment, we have four separate written confessions by
Higginbotham that were admitted into evidence. In the longest, typewritten statement, he
admitted in detail everything mentioned in the oral statements. He personally testified at
trial that he believed Hendrix was hurt "pretty bad" when they put him in the back of the
truck, and that Higginbotham and Kay threw Hendrix in the river. Forensic examination
found Hendrix's blood in the truck and on Higginbotham's clothes and a shoe. 
          Higginbotham argues that Watson's testimony concerning the oral statements was
harmful because it showed his mental condition at the time as being more coherent than
that reflected by his disjointed state of mind at the time of trial. However, his efforts to be
of assistance and to tell the truth were a centerpiece of the defense strategy at trial, which,
under these facts, was an attempt to show that he was not the main actor in the
commission of the offense and thereby avoid a capital murder conviction. With this trial
strategy, it is difficult to perceive how a recounting of the officers' efforts to find Hendrix's
body with Higginbotham's assistance was harmful to Higginbotham.
          Finally, the oral statements about which Watson testified were admissible evidence
pursuant to Tex. Code Crim. Proc. Ann. art. 38.22, § 3(c) (Vernon 2005). Such
statements led the police to evidence (Hendrix's body) they did not have, and contained
assertions of facts and circumstances that were found to be true and that established
Higginbotham's guilt. 
          For these reasons, Higginbotham's sole point of error is overruled.
          We affirm the judgment.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      September 20, 2005
Date Decided:         October 4, 2005

Do Not Publish